FILED

APR 2 5 2024

AT LONDON
Robert R. Carr
CLERK U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## SOUTHERN DIVISION
## LONDON

**UNITED STATES OF AMERICA**

**V.**                                   **INDICTMENT NO. 6: 24-cr-026-REW**

**BRANDON BUSTLE,**
**JOSH CALDWELL, and**
**MERINDA ROBINSON**

\* \* \* \* \*

**THE GRAND JURY CHARGES:**

### COUNT 1
### 21 U.S.C. § 846

On or about a date in December 2023, the exact date unknown, and continuing

through on or about March 13, 2024, in Laurel County, Knox County, and Whitley

County, in the Eastern District of Kentucky, and elsewhere,

### BRANDON BUSTLE,
### JOSH CALDWELL, and
### MERINDA ROBINSON

did conspire together and with others to knowingly and intentionally distribute 500 grams

or more of a mixture or substance containing a detectable amount of methamphetamine, a

Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), all in violation of

21 U.S.C. § 846.

Before **BRANDON BUSTLE** committed the offense charged in this count,

**BRANDON BUSTLE** had a final conviction for a serious drug felony, namely, a

conviction under 21 U.S.C. § 846, conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

Before **JOSH CALDWELL** committed the offense charged in this count, **JOSH CALDWELL** had a final conviction for a serious drug felony, namely, a conviction under 21 U.S.C. § 846, conspiracy to manufacture 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

Before **MERINDA ROBINSON** committed the offense charged in this count, **MERINDA ROBINSON** had a final conviction for a serious drug felony, namely, a conviction under Kentucky Revised Statute § 218A.1412, trafficking in a controlled substance, first degree (greater than two grams of methamphetamine), for which she served more than 12 months of imprisonment and for which she was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

## COUNT 2
### 21 U.S.C. § 841(a)(1)

On or about February 27, 2024, in Knox County, in the Eastern District of Kentucky,

**JOSH CALDWELL**

did knowingly and intentionally possess with the intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

Before **JOSH CALDWELL** committed the offense charged in this count, **JOSH CALDWELL** had a final conviction for a serious drug felony, namely, a conviction under 21 U.S.C. § 846, conspiracy to manufacture 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

## COUNT 3
### 18 U.S.C. § 924(c)(1)(A)

On or about February 27, 2024, in Knox County, in the Eastern District of Kentucky,

**JOSH CALDWELL**

did knowingly possess a firearm in furtherance of a drug trafficking offense for which he may be prosecuted in a Court of the United States, as set forth in Count 2, that is, possession with the intent to distribute a mixture or substance containing a detectable amount of methamphetamine, all in violation of 18 U.S.C. § 924(c)(1)(A).

## COUNT 4
### 18 U.S.C. § 922(g)(1)

On or about February 27, 2024, in Knox County, in the Eastern District of Kentucky,

**JOSH CALDWELL,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed firearms, that is a (1) Diamondback Model DB9 9mm pistol with serial number YC7189; (2) Taurus Model G2C 9mm pistol with serial number ADE290497; (3) Smith & Wesson Model 641-1 .38 caliber revolver with serial number CBE7629; (4) Ruger LCP .380 caliber pistol with serial number 371600196; (5) Ruger LCP .380 caliber pistol with serial number 372487788; (6) Mossberg Model 88 12-gauge shotgun with serial number MV0010654; (7) Mossberg 12-gauge shotgun with serial number D32958; and (8) Heritage MFG. Rough Rider .22 caliber revolver with serial number 3HR023611, and the firearms were in and affecting commerce, all in violation of 18 U.S.C. § 922(g)(1).

## COUNT 5
### 21 U.S.C. § 841(a)(1)

On or about February 28, 2024, in Laurel County, in the Eastern District of Kentucky,

**BRANDON BUSTLE**

did knowingly and intentionally possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

Before **BRANDON BUSTLE** committed the offense charged in this count,

**BRANDON BUSTLE** had a final conviction for a serious drug felony, namely, a conviction under 21 U.S.C. § 846, conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

**COUNT 6**
**18 U.S.C. § 924(c)(1)(A)**

On or about February 28, 2024, in Laurel County, in the Eastern District of Kentucky,

**BRANDON BUSTLE**

did knowingly possess a firearm in furtherance of a drug trafficking offense for which he may be prosecuted in a Court of the United States, as set forth in Count 5, that is, possession with the intent to distribute a mixture or substance containing a detectable amount of methamphetamine, all in violation of 18 U.S.C. § 924(c)(1)(A).

**COUNT 7**
**18 U.S.C. § 922(g)(1)**

On or about February 28, 2024, in Laurel County, in the Eastern District of Kentucky,

**BRANDON BUSTLE,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, that is a Taurus 9mm Model G2C with serial number TLM85738, and the firearm was in and affecting commerce, all in

violation of 18 U.S.C. § 922(g)(1).

## COUNT 8
### 21 U.S.C. § 841(a)(1)
### 18 U.S.C. § 2

On or about March 5, 2024, in Laurel County, in the Eastern District of Kentucky,

**MERINDA ROBINSON,**

aided and abetted by others, did knowingly and intentionally possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

Before **MERINDA ROBINSON** committed the offense charged in this count, **MERINDA ROBINSON** had a final conviction for a serious drug felony, namely, a conviction under Kentucky Revised Statute § 218A.1412, trafficking in a controlled substance, first degree (greater than two grams of methamphetamine), for which she served more than 12 months of imprisonment and for which she was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

## COUNT 9
### 21 U.S.C. § 841(a)(1)

On or about March 13, 2024, in Whitley County, in the Eastern District of Kentucky,

**JOSH CALDWELL**

did knowingly and intentionally possess with the intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance,

all in violation of 21 U.S.C. § 841(a)(1).

## FORFEITURE ALLEGATIONS
### 21 U.S.C. § 853
### 18 U.S.C. § 924(d)(1)
### 28 U.S.C. § 2461

1.      By virtue of the commission of the felony offenses alleged in Counts 1, 2, 5, 8, and 9 of the Indictment, **BRANDON BUSTLE, JOSH CALDWELL, and MERINDA ROBINSON** shall forfeit to the United States any and all property used, or intending to be used, to commit and to facilitate the commission of the violations of 21 U.S.C. §§ 846 and 841 and any and all property constituting proceeds obtained directly or indirectly as a result of the commission of the violations of 21 U.S.C. §§ 846 and 841. Any and all interest that **BRANDON BUSTLE, JOSH CALDWELL, and MERINDA ROBINSON** have in this property is vested in and forfeited to the United States pursuant to 21 U.S.C. § 853.

2.      By virtue of the commission of the offenses alleged in Counts 3, 4, 6, and 7 of the Indictment, **BRANDON BUSTLE and JOSH CALDWELL** shall forfeit to the United States any and all firearms and ammunition involved in or used, or intending to be used, in the violation(s) of 18 U.S.C. §§ 922 and/or 924. Any and all interest that **BRANDON BUSTLE and JOSH CALDWELL** have in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461.

3.      The property to be forfeited includes, but is not limited to, the following:

**CURRENCY:**

1. $2,223.00 in United States currency.
2. $1,281.00 in United States currency.

**FIREARMS AND AMMUNITION:**

1. Diamondback Model DB9 9mm pistol with serial number YC7189;
2. Taurus Model G2C 9mm pistol with serial number ADE290497;
3. Smith & Wesson Model 641-1 .38 caliber revolver with serial number CBE7629;
4. Ruger LCP .380 caliber pistol with serial number 371600196;
5. Ruger LCP .380 caliber pistol with serial number 372487788;
6. Mossberg Model 88 12 Ga shotgun with serial number MV0010654;
7. Mossberg 12 gauge shotgun with serial number D32958;
8. Heritage MFG. Rough Rider .22 caliber revolver with serial number 3HR023611;
9. Taurus 9mm Model G2C with serial number TLM85738; and
10. Various rounds of ammunition.

4.      If any of the property listed above, as a result of any act or omission of the Defendant(s), (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

**A TRUE BILL**

**FOREPERSON**

**CARLTON S. SHIER IV**
**UNITED STATES ATTORNEY**

# PENALTIES

## COUNTS 1, 2, 5, 8, and 9

Not more than 20 years imprisonment, not more than a $1,000,000 fine, and at least 3 years supervised release.

**If responsible for 50 grams or more of a mixture or substance containing methamphetamine:**  Not less than 5 years and not more than 40 years of imprisonment, not more than a $5,000,000 fine, and at least 4 years supervised release.

> **If Prior Serious Drug Felony or Serious Violent Felony Conviction:**  Not less than 10 years nor more than life imprisonment, not more than a $8,000,000 fine, and at least 8 years supervised release.

**If responsible for 500 grams or more of a mixture or substance containing methamphetamine**:  Not less than 10 years nor more than life imprisonment, not more than a $10,000,000 fine, and at least 5 years supervised release.

> **If Prior Serious Drug Felony or Serious Violent Felony Conviction:**  Not less than 15 years nor more than life imprisonment, not more than a $20,000,000 fine, and at least 10 years supervised release.

## COUNT 3 & 6

Not less than 5 years nor more than life imprisonment – to be served consecutive to any term of imprisonment imposed for any other offense – not more than a $250,000 fine, and not more than 5 years of supervised release.

## COUNTS 4 & 7

Not more than 15 years imprisonment, $250,000 fine, and 3 years supervised release.

**PLUS:**       Mandatory special assessment of $100 per count.

**PLUS:**       Forfeiture of listed items.